**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**


| | | |
|---|---|---|
| LIEM NGUYEN, | : | PRISONER HABEAS CORPUS |
| GDC # 1175518, | : | 28 U.S.C. § 2254 |
| Petitioner, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:12-CV-0552-WSD-GGB |
| | : | |
| DONALD BARROWS, | : | |
| Respondent. | : | |

**FINAL REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Liem Nguyen seeks via 28 U.S.C. § 2254 to challenge the

constitutionality of his October 1, 2004, convictions in the DeKalb County Superior

Court for rape, incest, and child molestation.  Presently before me are the petition and

brief in support [Docs. 1 and 5], and Respondent Donald Barrows's answer-response

with supporting brief and exhibits [Docs. 3 and 6].  For the reasons discussed below,

I recommend that the petition be dismissed.

I.  Background

    A.  Factual Background

The evidence presented at trial showed that, between March 2000 and March

2001, Petitioner raped and molested his stepdaughter, H.T., who was 12 or 13 years

old at the time. *Nguyen v. State*, 668 S.E.2d 514, 515-16 (Ga. Ct. App. 2008). H.T. was sent to live in foster care. Two videotaped interviews of H.T. that were conducted by Dr. Danielle Levy, the program manager of the DeKalb office of the Georgia Center for Children, were admitted at trial. In the first interview, conducted in March 2001, H.T. was reluctant to talk, extremely quiet, tearful, and mostly unresponsive. *Id.* According to Dr. Levy, H.T. told her that Nguyen "did something that he wasn't supposed to, that her mom knew it, and that if she went back home it was going to happen again." Dr. Levy testified that children often do not report acts of sexual abuse for a variety of reasons and that she was not surprised by H.T.'s reluctance to talk given the circumstances. During the second interview, on February 13, 2004, H.T. told Dr. Levy that Nguyen raped her; that he attempted to force her to perform oral sodomy, but she refused; and that she told her mom, who told him to stop, but did not do anything about it. *Id.*

Testimony was admitted at trial that suggested that, just before the second interview, H.T. had falsified a credit card and charged over $200 to her foster mother's phone bill and that her Department of Family and Children Services ("DFCS") social worker had told her that everything would be forgiven if she "talked." *Nguyen*, 668 S.E.2d at 516.

2

H.T. testified that she had not seen her mother for three years, until September 2004, one month before trial. During a visit, DFCS told her mother that if she left Nguyen, H.T. could return to live with her mother, but her mother refused to leave. H.T. testified that she was present during this discussion. *Id.*

B. Procedural History

On October 1, 2004, Petitioner was convicted following a jury trial in the DeKalb County Superior Court of rape, incest, and child molestation, and was sentenced to ten years to serve in prison.[1] [Doc. 6-3 at 4-6]. Petitioner, through new counsel S. Fenn Little, Jr., appealed his convictions, contending that the trial court erred in admitting the two videotaped interviews of H.T. into evidence as prior consistent statements. [Doc. 6-15 at 14]. The Georgia Court of Appeals found that the videotaped interviews were properly admitted at trial because defense counsel's questioning placed H.T.'s veracity at issue. *Nguyen v. State*, 668 S.E.2d 514 (Ga. Ct. App. 2008); [Doc. 6-22]. Specifically, the Georgia Court of Appeals found that defense counsel implied during cross-examination that H.T. had changed her story for trial in order to reunite with her mother. Thus, the Georgia Court of Appeals found that the videotaped statements made prior to the September 2004 visit with her

---

[1]Petitioner was represented at trial by attorney Alden Snead.

mother were admissible to rebut this implication.  In addition, the appellate court found that the first videotaped interview in 2001 was also admissible to rebut the implication that H.T.'s testimony during the second interview was motivated by a desire to please her DFCS social worker and avoid criminal prosecution for the unauthorized credit card charges.

On July 27, 2009, Petitioner filed a state habeas corpus petition in the Washington County Superior Court, which he later amended, alleging that appellate counsel was ineffective for failing to do the following:

1.      raise an ineffective assistance of trial counsel claim based on trial counsel's failure to request a curative instruction and move for a mistrial when the state's expert witness, Dr. Levy, bolstered the credibility of the state's case during her testimony;

2.      raise an ineffective assistance of trial counsel claim based on trial counsel's failure to have an interpreter present while interviewing Petitioner twice prior to trial;

3.      raise a claim of ineffective assistance of trial counsel based on trial counsel's failure to investigate the case prior to trial and prepare a reasonable defense;

4.      raise an ineffective assistance of trial counsel claim based on trial counsel's failure to obtain an expert witness (child psychologist) to perform an independent interview of the alleged victim prior to trial;

4

5.    raise an ineffective assistance of trial counsel claim based on trial counsel's failure to object to the prosecutor's improper comments during closing arguments, specifically when the prosecutor improperly instructed the jury "of the term (laws) of defenses Petitioner was hoping to rely on;"

6.    raise an ineffective assistance of trial counsel claim based on trial counsel's failure to object to the prosecutor's improper comments on the psychological condition of the alleged victim by referring to the victim as traumatized and possibly suffering from post traumatic stress disorder;

7.    raise a claim of ineffective assistance of trial counsel based on trial counsel's failure to object to the prosecution instructing the jury on the meaning of the law;

8.    raise an ineffective assistance of trial counsel claim based on trial counsel's failure to object to the prosecutor's "improperly appealing to the jury's emotions and/or prejudices during closing arguments;"

9.    raise an ineffective assistance of trial counsel claim based on trial counsel's failure to object to the prosecutor's improper and unprofessional comment on trial counsel's performance;

10.    thoroughly read and review the trial record for potential appellate issues;

11.    raise prosecutorial misconduct based on the prosecutor improperly commenting that the victim "could have posttraumatic stress syndrome;"

12.    raise prosecutorial misconduct on appeal in that the prosecutor improperly commented during closing arguments that trial

AO 72A
(Rev.8/82)

counsel "is being creative.  He has few straws to grasp onto in terms of motive . . . .";

13.    raise a claim of prosecutorial misconduct on appeal based on the prosecutor's comment during closing argument that "in 95 percent of the case[s], you never have any medical evidence;"

14.    raise a claim of prosecutorial misconduct based on the prosecutor improperly appealing to the jury's emotions and/or prejudices by asking the jury "not to let Hong down, as everybody in her life has;" and

15.    raise a claim of prosecutorial misconduct based on the prosecutor's comment during closing argument that the victim's mother "just doesn't have the strength to report what she saw . . . ."

[Docs. 6-16, 6-17].  The state habeas corpus court conducted an evidentiary hearing on April 27, 2010, and denied relief by written order on February 23, 2011.  [Doc. 6-18].  On November 7, 2011, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the denial of state habeas corpus relief.  [Doc. 6-21].

On February 5, 2012, Petition signed a federal habeas corpus petition, and it was filed in this Court on February 21, 2012.  [Doc. 1].  Petitioner later filed a brief in support of his petition.  [Doc. 5].  In his petition and brief, Petitioner raises the following grounds for relief:

6

1.      appellate counsel was ineffective because he did not raise on appeal ineffective assistance of trial counsel based on trial counsel's failure to:

      a.      obtain an interpreter prior to trial in his preparation and investigation of a defense, as well as, to interview witnesses who were from Vietnam;

      b.      obtain the assistance of a child psychologist to independently interview the alleged victim;

      c.      object to bolstered testimony of State's witness, Dr. Levy;

      d.      object to portions of the State's closing argument;

      e.      reasonably investigate the factual basis of the charges/offenses, and/or personally interview witnesses prior to trial;

      f.      call any witnesses for the defense;

2.      ineffective assistance of appellate counsel in that appellate counsel did not "thoroughly read and review the trial record for 'potential appellate issues,' denying Petitioner a full and fair appellate review;"

3.      Petitioner was "denied a full and fair trial by the State's prosecution" in violation of his constitutional rights due to multiple actions by the prosecutor at trial; and

4.      appellate counsel was ineffective for failing to raise on appeal several instances of prosecutorial misconduct.

[Doc. 1 at 4-5, Doc. 5].

II.  Standard of Review

    A.  Claims Considered on the Merits in State Court

Under Title 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus on behalf of a person being held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law.  28 U.S.C. § 2254(a).  This power, however, is limited.  A federal court may not grant habeas corpus relief for claims previously adjudicated on the merits by a state court unless the state court adjudication resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"This is a 'difficult to meet,' *Harrington v. Richter*, 562 U.S. —, —, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011), and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002) (per curiam) (citation and internal quotation marks omitted)."  *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1398 (2011).  Furthermore, "review under

8

§ 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.*

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court analyzed how courts should apply § 2254(d). First, the court evaluating a habeas petition under § 2254(d)(1) must determine the applicable "clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* at 404-05; *see* 28 U.S.C. § 2254(d)(1). The decision by the state court is measured against the Supreme Court's precedent as of "the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

Next, "[t]o determine whether a particular decision is 'contrary to' then-established law, a federal court must consider whether the decision 'applies a rule that contradicts [such] law' and how the decision 'confronts [the] set of facts' that were before the state court." *Cullen,* 131 S. Ct. at 1399 (quoting *Williams*, 529 U.S. at 405).

If the federal habeas court determines that the state court decision is not contrary to clearly established federal law, the federal court must then determine whether the state court decision was an "unreasonable application" of clearly established federal law by determining whether the state court identified the correct

9

governing legal principle from the Supreme Court's decisions, but unreasonably applied that principle to the facts of the petitioner's case. *Williams*, 529 U.S. at 412. This reasonableness determination is objective, and the federal court may not issue a writ of habeas corpus simply because it concludes in its independent judgment that the state court was erroneous or incorrect. *Id.* at 411. In other words, it matters not that the state court's application of clearly established federal law was incorrect, so long as that misapplication was objectively reasonable. *Id.*; *see McIntyre v. Williams*, 216 F.3d 1254, 1257 n.4 (11th Cir. 2000).

Under Title 28 U.S.C. § 2254(e), the state court's determinations of factual issues are presumed correct unless the petitioner presents clear and convincing evidence that the state court determinations were erroneous. I have reviewed the pleadings and exhibits and find that the record contains sufficient facts upon which the issues may be properly resolved. As Petitioner has made no showing as required by 28 U.S.C. § 2254(e)(2), no federal evidentiary hearing is permitted, and the case is now ready for disposition.

B. Procedurally Defaulted Claims

Federal habeas review is generally barred for a claim that was procedurally defaulted in state court, i.e., a claim "not resolved on the merits in the state

10

proceeding" based on an "independent and adequate state procedural ground." *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977) (noting that it was consistent with United States Constitution for state procedural rule to require that alleged error "be challenged at trial or not at all").

> [P]rocedural default can arise in two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred, <u>Sykes</u> requires the federal court to respect the state court's decision. Second, if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal.

*Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999) (citations omitted); *see also Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (noting that if (a) petitioner failed to exhaust state remedies and (b) state courts would now find his claims procedurally barred, "there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims"); *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994) (holding that "where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal

11

court should apply the state procedural bar and decline to reach the merits of the claim").

This bar to federal habeas review may be lifted, however, if the petitioner can demonstrate either (1) cause for the default and actual prejudice from the alleged violation of federal law, or (2) a fundamental miscarriage of justice, i.e., that he will remain incarcerated despite his actual innocence unless the federal court considers his defaulted claim. *See Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 488-89, 495-96 (1986).

To establish cause, the petitioner must show that some objective factor external to the defense impeded his or counsel's efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. "To establish 'prejudice,' a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different" had he presented his defaulted claim. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) (citations omitted).

To establish a fundamental miscarriage of justice, i.e., "that constitutional error has caused the conviction of an innocent person," a petitioner must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial,"

AO 72A
(Rev.8/82)

*Schlup v. Delo*, 513 U.S. 298, 324 (1995), and he "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," *id.* at 327.

III.  Discussion

    A.  Ineffective Assistance of Appellate Counsel Claims

Petitioner raises several claims of ineffective assistance of appellate counsel. "Ineffective assistance of counsel claims are governed by the standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *Green v. Nelson*, 595 F.3d 1245, 1249 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 687). To establish deficiency, a petitioner must show that "counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688). Additionally, to establish prejudice, a petitioner must prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

13

Since both prongs of the two-part *Strickland* test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." *Ward v. Hall*, 592 F.3d 1144, 1163 (11th Cir. 2010) (citation omitted). "Surmounting *Strickland*'s high bar is never an easy task." *Harrington*, 131 S. Ct. at 788 (quoting *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010)). A state court's adjudication of an ineffectiveness claim is accorded great deference. "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington*, 131 S. Ct. at 788 (internal citations and quotation marks omitted).

The above-stated *Strickland* standard also applies to ineffective assistance of appellate counsel claims. *See Smith v. Robbins*, 528 U.S. 259, 285, 287-88 (2000); *see also Temple v. Morton*, No. 06-15061, 2007 WL 2141823 (11th Cir. July 27, 2007) ("The Supreme Court has held that the *Strickland* analysis also applies to claims of ineffective assistance of appellate counsel."). Petitioner does not have a right to have every possible argument raised on appeal. Indeed, it is up to appellate counsel to "'winnow out' weaker arguments," *Jones v. Barnes*, 463 U.S. 745, 751-52

14

(1983), and appellate counsel is not ineffective for failing to raise a frivolous argument on appeal. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

      1.  Ground 1(a)

      Petitioner argues that appellate counsel was ineffective when he did not raise on appeal an ineffective assistance of trial counsel claim based on trial counsel's failure to obtain an interpreter prior to trial in his preparation and investigation of a defense, as well as, to interview witnesses from Vietnam.  Petitioner raised this claim in his state habeas corpus petition, and the state habeas corpus court considered the claim and held the following:

> In order for Petitioner to prevail on this ineffective assistance allegation, he must show that his appellate attorney's performance in failing to raise this issue on appeal was deficient and that such deficiency prejudiced him so that there was a reasonable likelihood that, but for counsel's errors, the outcome of his appeal would have been different.  Petitioner offers no evidence to support either showing.  Rather, the evidence supports a finding that appellate counsel did investigate this issue and determined it lacked merit.

> Petitioner *did* have an interpreter at trial.  Petitioner, however, takes issue with the alleged absence of an interpreter at two pre-trial meetings he had with his attorney.

> At the motion for new trial hearing, appellate counsel asked trial counsel about this issue and trial counsel testified he met with Petitioner on numerous occasions and although there may not have been an interpreter present at every occasion, there was an interpreter present

when counsel went over the case with Petitioner before trial.  At the habeas hearing, appellate counsel testified he discovered no indication trial counsel had any kind of communication problems or that Petitioner did not understand the case against him for want of an interpreter.

Petitioner fails to establish either deficient performance or prejudice flowing from appellate counsel's failure to raise this issue on appeal.

[Doc. 6-18 at 5 (citations omitted)].

Petitioner has not shown how appellate counsel performed deficiently or that he was prejudiced by appellate counsel's failure to raise this claim on appeal.  As noted above, at the state habeas hearing, appellate counsel testified that he found no indication in the record or through his discussions with trial counsel that there were any communication problems between trial counsel and Petitioner.  [Doc. 6-1 at 20].  Also, Petitioner does not point to any specific instances where he was unable to understand or communicate with trial counsel regarding his case.  Petitioner has not shown how the state habeas court's decision was contrary to or an unreasonable application of *Strickland* or an unreasonable determination of the facts.  Thus, he is not entitled to relief on his claim in Ground 1(a).

## 2. Ground 1(b)

Petitioner argues that appellate counsel was ineffective for failing to raise on appeal an ineffective assistance of trial counsel claim based on trial counsel's failure

16

to obtain the assistance of a child psychologist to independently interview the alleged victim. Petitioner raised this claim in his state habeas corpus petition, and the state habeas corpus court applied the *Strickland* standard and held the following:

> Petitioner presents no evidence to support this claim. Because Petitioner presents no evidence relevant to what an independently retained expert would have shown, he cannot show a reasonable probability that the outcome of the appeal would have been different had this issue been raised.

[Doc. 6-18 at 6 (citation omitted)].

Petitioner has not raised any argument in his petition or brief in support that the state habeas corpus court's decision was contrary to or an unreasonable application of *Strickland* or that it was an unreasonable determination of the facts. Petitioner also provides no evidence of what an independent interview of the victim by a child psychologist would have shown. Therefore, Petitioner is not entitled to relief on this claim.

      3.  <u>Ground 1(c)</u>

Petitioner argues that appellate counsel was ineffective for failing to raise on appeal an ineffective assistance of trial counsel claim based on counsel's failure to object to bolstered testimony of a State's witness when Dr. Levy testified regarding the reason H.T. did not immediately disclose the sexual abuse. Petitioner raised this

17

claim in his state habeas corpus petition, and the state habeas corpus court described

the standard to be applied to ineffective assistance of counsel claims and held the

following:

> Petitioner's ground one focuses on the following trial testimony of clinical psychologist Dr. Danielle Levy with respect to her interviews with the victim: "Unfortunately most kids don't ever disclose sexual abuse. There's different estimates, but the majority of kids who experience sexual abuse in childhood don't ever tell. There may be lots of reasons. First of all, her mom knew about it and didn't do anything to stop it."

> Trial counsel objected and the Court sustained the same. Petitioner argues appellate counsel should have raised on appeal trial counsel's failure to request a curative instruction or move for a mistrial after having his objection sustained.

> At the habeas hearing, when Petitioner asked appellate counsel about this issue, counsel testified that he raised the ineffective assistance of counsel at the motion for new trial, but not on appeal. Appellate counsel testified he abandoned an ineffective assistance claim on appeal after the motion for new trial hearing and his own thorough investigation because there "was nothing there, and [he] didn't want to put a frivolous issue in front of the Court of Appeals when [he] actually thought [they] had two issues that they may lock down on."

> Assuming for the sake of analysis that Levy's comment is construed as indirectly bolstering the victim's credibility, it was not so prejudicial that an ineffective assistance of trial counsel claim on this issue would have changed the outcome of Petitioner's appeal, especially considering that the jury saw video-taped interviews of the victim, regarding which the psychologist testified, and the jury could form its own assessment

of the victim's credibility, plus the defendant had a full opportunity to test the victim's credibility during cross-examination.

Trial counsel's decision not to make any further motions was reasonable in this case. Trial counsel articulated the basis for why the child therapist's testimony was improper when he made his objection, and so the jury heard an explanation for why it should not give weight to the testimony. In any event, as there is no evidence [of] trial counsel's motive with respect to this particular allegation, this Court assumes his actions were strategic. Further, appellate counsel's decision not to raise this issue on appeal was likewise reasonable. As he explained at the habeas hearing, trial counsel's decisions on this issue were a matter of strategy and not the legal basis for a successful ineffective assistance claim.

Petitioner fails to establish either deficient performance or prejudice flowing from appellate counsel's failure to raise this issue on appeal.

[Doc. 6-18 at 3-4 (citations omitted)].

Here, the state habeas corpus court correctly identified and applied the proper *Strickland* standard to Petitioner's claim of ineffective assistance of appellate counsel. Thus, Petitioner has not shown that the state habeas corpus court's decision was "contrary to" applicable Supreme Court precedent.

Petitioner also has not shown how the state habeas corpus court's decision was an unreasonable application of *Strickland* or that it was an unreasonable determination of the facts in light of the evidence presented in this case. When trial counsel objected to Dr. Levy's statement, he stated that it was speculation and within

19

the "ken of the jury." [Doc. 6-8 at 78].  The trial court sustained the objection.  With

regard to the statement by Dr. Levy that H.T.'s mother "knew about it and didn't do

anything to stop it," Dr. Levy had already testified that H.T. told her that "her

stepfather did something that he wasn't supposed to, that her mom knew it, and that

if she went back home it was going to happen again." [*Id.* at 77].  Thus, even though

the trial court sustained the objection because it called for speculation by Dr. Levy

as to why H.T. would want to keep the sexual abuse a secret, her testimony revealed

that H.T. had told her this information.

Even assuming that it would have been preferable for trial counsel to request

a curative instruction or move for a mistrial, Petitioner has not shown a reasonable

probability that, had trial counsel requested a mistrial, it would have been granted, or

if trial counsel had requested a curative instruction and the instruction had been

given, it might have affected the jury's decision.  *See Burkett v. Thaler*, 379 F. App'x

351, 359-60 (5th Cir. 2010); *see also Dorsey v. Chapman*, 262 F.3d 1181, 1186 (11th

Cir.  2001) ("While expert testimony bolstering the credibility of a witness is

improper, *see Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998), [the

petitioner] has failed to show a reasonable probability exists that but for his trial

counsel's error, the result of the proceeding would have been different.").

20

Further, as stated above, appellate counsel testified at the state habeas hearing that he decided not to raise the ineffective assistance of trial counsel claim on appeal because he felt that it did not have merit. [Doc. 6-1 at 18-20, 28-29, 32]. Strategic decisions constitute constitutionally ineffective assistance only if so "patently unreasonable" that no competent attorney would have chosen them. *Kelly v. United States*, 820 F.2d 1173, 1176 (11th Cir. 1987). Petitioner has not shown that appellate counsel's strategic decision not to raise this claim was "patently unreasonable." Furthermore, Petitioner has not shown that, had appellate counsel raised this ineffective assistance of trial counsel claim on appeal, the result of the appeal would have been different. Thus, Petitioner is not entitled to relief on Ground 1(c).

4. Ground 1(d)

Petitioner contends that appellate counsel was ineffective for failing to raise on appeal an ineffective assistance of trial counsel claim based on trial counsel's failure to object to portions of the State's closing argument. Petitioner raised this claim in his state habeas corpus petition, and the state habeas court considered the claim and held the following:

> When questioned about this issue, appellate counsel testified he reviewed the prosecutor's closing arguments and determined trial counsel's failure to object "was not ineffective." Appellate counsel

21

sufficiently reviewed and considered any issues that may have been raised by the State's closing argument and determined there was no appellate issues flowing from trial counsel's failure to object.

After careful examination of the remarks to which Petitioner objects, this Court agrees with appellate counsel's assessment.  In any event, "[t]he decision of whether to interpose certain objections is a matter of trial strategy and tactics.  Errors in judgment and tactical errors do not constitute denial of effective assistance of counsel."  Petitioner fails to establish either deficient performance or prejudice flowing from appellate counsel's failure to raise this issue on appeal.

[Doc. 6-18 at 6-7 (citations omitted)].

The specific comments that Petitioner contends trial counsel was ineffective for failing to object to include the following:

1.    the prosecutor commented on the mental state of H.T.'s mother, referring to her as "a little slow" [Doc. 6-10 at 28];

2.    the prosecutor commented on H.T. being traumatized, stating that " when people go through experiences like this, your common sense will tell you that they suffer so much stress they could have posttraumatic stress syndrome.   They could disassociate themselves from reality during the course of these events." [Doc. 6-10 at 33];

3.    the prosecutor stated that "in 95 percent of [child molestation] cases, you never have any medical evidence." [Doc. 6-10 at 40-41]; and

4.    the prosecutor commented on the unprofessional representation of trial counsel in cross-examining H.T. [Doc. 6-10 at 30-31].

22

Claims based on the statements of a prosecutor are assessed using a two-prong analysis: first, the court must determine whether the comments at issue were proper, and, second, whether any comment found to be improper was so prejudicial as to render the entire trial fundamentally unfair. *Spencer v. Sec'y, Dep't of Corr.,* 609 F.3d 1170, 1182 (11th Cir. 2010); *see also Cargill v. Turpin,* 120 F.3d 1366, 1379 (11th Cir.1997).   A trial is rendered fundamentally unfair if "there is a reasonable probability that, but for the prosecutor's offending remarks, the outcome . . . would have been different . . . [A] reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Williams v. Kemp*, 846 F.2d 1276, 1283 (11th Cir. 1988) (citations and quotations omitted); *see also Drake v. Kemp*, 762 F.2d 1449, 1458 (11th Cir. 1985).

While a prosecutor may not go beyond the evidence before the jury, he is not limited to a bare recitation of the facts; he may comment on the evidence, and state his contention as to the conclusions the jury should draw from the evidence.  *United States v. Johns*, 734 F.2d 657, 663 (11th Cir. 1984).  The statements by the prosecutor referring to H.T.'s mother as "a little slow" and describing H.T. as "traumatized" were inferences arising from the evidence produced at trial.  Also, the prosecutor's

23

description of trial counsel's cross-examination at trial did not go beyond the evidence or render the trial unfair.

With regard to the prosecutor's statement that in "95%" of child molestation cases there is no medical evidence, it does not appear that this statistic was part of the evidence admitted at trial.  Thus, the statement appears to have been improper.  However, the trial court clearly and correctly instructed the jury that what the lawyers said during opening statement and closing argument was not evidence in the case and should not be considered as such, and that the case must be decided only upon the evidence presented at trial.  [Doc. 6-5 at 66; Doc. 6-10 at 92].  A jury is presumed to follow a court's instructions.  *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000); *Brown v. Jones*, 255 F.3d 1273, 1280 (11th Cir. 2001).

Moreover, the prosecutor's comments did not render Petitioner's trial fundamentally unfair.  H.T. testified at trial that Petitioner raped and molested her.  Taken in the context of the entire trial, the prosecutor's comments, even if improper, neither rendered the entire trial fundamentally unfair nor infected the trial with such unfairness that the resulting conviction amounts to a denial of due process.  *See United States v. Hall*, 47 F.3d 1091, 1098 (11th Cir. 1995) (holding "[c]laims of prosecutorial misconduct are fact-specific inquiries which must be conducted against

24

the backdrop of the entire record."); *United States v. Young*, 470 U.S. 1, 11 (1985) ("[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by doing so can it be determined whether the prosecutor's conduct affected the fairness of the trial.").   Thus, Petitioner's failure to establish fundamental error precludes him from establishing this ineffective assistance of appellate counsel claim.

> 5.  Ground 1(e)

Petitioner contends in his brief that appellate counsel was ineffective for failing to raise on appeal an ineffective assistance of trial counsel claim based on trial counsel's failure to reasonably investigate the factual basis of the charges/offenses, and/or personally interview witnesses prior to trial.

Petitioner raised this ground in his state habeas corpus petition, and the state habeas corpus court held the following:

> When asked about his decision to forego this issue on appeal, appellate counsel testified he "found no evidence that [trial counsel] failed to investigate anything."   Appellate counsel provided a thorough explanation of his efforts leading up to this determination.  Indeed, the trial court ruled on this issue at the motion for new trial and found:  "Mr. Snead thoroughly investigated the Defendant's case and discussed the case with the Defendant before and during trial."

The evidence presented supports a finding that trial counsel did conduct an adequate investigation. Petitioner fails to establish either deficient performance or prejudice flowing from appellate counsel's failure to raise this issue on appeal.

[Doc. 6-18 at 6 (citations omitted)].

Appellate counsel testified at the state habeas hearing that the record did not support any claims of ineffective assistance of trial counsel and that he felt that raising an ineffectiveness claim on appeal would be "purely frivolous." [Doc. 6-1 at 32]. Petitioner has not shown how the state habeas corpus court's decision was contrary to or an unreasonable application of *Strickland* or that the state habeas corpus court's decision was an unreasonable determination of the facts in light of the evidence presented in this case. Petitioner does not point to any specific instances where trial counsel failed to properly investigate or interview witnesses. Thus, Petitioner is not entitled to relief on his claim in Ground 1(e).

      6. <u>Ground 2</u>

Petitioner argues in Ground Two that appellate counsel was ineffective because he did not "thoroughly read and review trial record for 'potential appellate issues,' denying Petitioner a full and fair appellate review." Petitioner raised this claim in his state habeas corpus petition, and the state habeas corpus court held the following:

26

Petitioner's contention is contradicted by appellate counsel's testimony at the habeas hearing.  Petitioner presents no evidence to rebut this testimony nor does Petitioner indicate which "potential appellate issues" not raised would have had merit.  Petitioner fails to establish either deficient performance or prejudice flowing from appellate counsel's failure to raise this issue on appeal.

[Doc. 6-18 at 7].

Here, Petitioner has not raised any argument in his petition or brief in support that the state habeas corpus court's decision was contrary to or an unreasonable application of *Strickland* or that it was an unreasonable determination of the facts. Appellate counsel testified at the state habeas hearing that he reviewed the trial transcript and the trial attorney's file, spoke with trial counsel about the case, and raised the claims that he felt had the greatest potential for reversal on appeal.  [Doc. 6-1 at 31-33].  Petitioner has failed to specifically identify any deficiencies in appellate counsel's review of his case.  Therefore, Petitioner is not entitled to relief on this claim.

7.  Ground 4

In Ground Four, Petitioner contends that appellate counsel was ineffective for failing to raise on appeal several instances of prosecutorial misconduct, specifically the alleged improper bolstering and comments of the prosecutor set forth above.

27

Petitioner raised this claim in his state habeas corpus petition, and the state habeas corpus court considered the claim and held the following:

> At the habeas hearing when asked whether he discovered any evidence that would support a claim of prosecutorial misconduct, appellate counsel testified he saw nothing in the transcript that was "even close to prosecutorial misconduct." Appellate counsel testified he raised those claims he felt had the greatest potential for reversal, ever mindful of his duty to put up claims that are not frivolous or would detract from the strongest issues. "This process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy."

> In any event, Petitioner fails to put on any evidence to support a finding that, had appellate counsel raised any of the grounds of prosecutorial misconduct enumerated by Petitioner that the outcome of his appeal would have been different.

[Doc. 6-18 at 8 (citations omitted)].

The state habeas corpus court correctly identified and applied the proper *Strickland* standard to Petitioner's claims of ineffective assistance of appellate counsel. Thus, Petitioner has not shown that the state habeas corpus court's decision was "contrary to" applicable Supreme Court precedent.

Petitioner also has not shown how the state habeas corpus court's decision was an unreasonable application of *Strickland* or that it was an unreasonable determination of the facts in light of the evidence presented in this case. As discussed

28

above, none of the alleged improper comments by the prosecutor rendered Petitioner's trial fundamentally unfair. Also, Petitioner suffered no prejudice from any alleged improper bolstering by the prosecutor with regard to Dr. Levy's testimony. Furthermore, appellate counsel testified at the state habeas hearing that he found no evidence that would support a claim of prosecutorial misconduct in Petitioner's case. [Doc. 6-1 at 33]. Thus, Petitioner's Ground Four is without merit.

B. <u>Procedurally Defaulted Claims</u>

Petitioner raises in his brief, which I have enumerated as Ground 1(f), that appellate counsel was ineffective for failing to raise on appeal an ineffective assistance of trial counsel claim based on trial counsel's failure to call any witnesses for the defense. In Ground Three, Petitioner argues that he was "denied a full and fair trial by the State's prosecution" in violation of his constitutional rights due to multiple actions by the prosecutor at trial. Petitioner never raised these claims in the state courts. Thus, the claims are unexhausted since they have never been presented for consideration in the state courts. Nevertheless, the claims are considered exhausted because the claims are procedurally barred under Georgia's successive petition rule in O.C.G.A. § 9-14-51, which requires that all claims be raised in a

29

petitioner's initial state habeas proceeding. *See Coleman*, 501 U.S. at 735 n.1 (new claims are exhausted if procedurally barred under state law).

Petitioner does not argue cause to excuse his procedural default. He only argues the merits of his claims. Any claim that appellate counsel's failure to raise these claims on appeal establishes cause, as discussed previously in this opinion, such a claim is without merit. *See Coleman*, 501 U.S. at 755 ("We reiterate that counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation."). Petitioner also does not specifically argue that this default should be excused due to prejudice or that this Court's failure to consider the claims would result in a fundamental miscarriage of justice. Accordingly, Petitioner's claims in Ground 1(f) and 3 are procedurally defaulted and cannot be considered on the merits.

IV. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the

district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has failed to make a substantial showing of the denial of a constitutional right. The state court's findings on Petitioner's claims pass muster under § 2254(d) and the *Williams v. Taylor* analysis, and the claims that he did not raise in the state courts are procedurally defaulted. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

V. <u>Conclusion</u>

Based on the foregoing, **I RECOMMEND** that Petitioner Liem Nguyen's habeas corpus petition [Docs. 1 and 5] be **DENIED** and this action be **DISMISSED**.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 24th day of July, 2013.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

31