IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LIEM NGUYEN,

                Petitioner,

v.                              1:12-cv-552-WSD

DONALD BARROWS,

                Respondent.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation ("R&R") [10] recommending dismissal of Petitioner's habeas corpus petition filed pursuant to 28 U.S.C. § 2254.

**I.    BACKGROUND**[1]

On October 1, 2004, Petitioner Liem Nguyen ("Petitioner") was convicted in the DeKalb County Superior Court of rape, incest, and child molestation. The evidence presented at trial showed that, between March 2000 and March 2001, Petitioner raped and molested his stepdaughter, H.T., who was 12 or 13 years old.

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

Nguyen v. State, 668 S.E.2d 514, 515-16 (Ga. Ct. App. 2008).  He was sentenced to serve ten years in prison.  Petitioner, through new counsel S. Fenn Little, Jr., appealed his convictions, contending that the trial court erred in admitting two videotaped interviews of H.T. into evidence as prior consistent statements.  The Georgia Court of Appeals found that the videotaped interviews were properly admitted at trial because defense counsel implied that H.T. had changed her story for trial and questioned her veracity, and that the videotaped interviews were admissible to rebut this implication.  (Id.)

On July 27, 2009, Petitioner filed his state habeas corpus petition in the Washington County Superior Court.[2]  The state habeas corpus court conducted an evidentiary hearing on April 27, 2010, and, on February 23, 2010, entered its order denying relief.  On November 7, 2011, the Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the denial of state habeas corpus relief.

On February 21, 2013, Petitioner's federal habeas corpus petition was filed. Petitioner raises the following grounds for relief:

    1.    Ineffective assistance of appellate counsel because, on appeal, appellate counsel did not raise ineffective assistance of trial

---

[2] The grounds on which Petitioner sought state habeas relief are set out in the R&R.  (R&R at 5-6).

      counsel claims for trial counsel's failure to:

      a.   obtain an interpreter for pretrial preparation and investigation and to interview witnesses from Vietnam;

      b.   obtain a child psychologist to independently interview the alleged victim;

      c.   object to bolstered testimony of the State's witness, Dr. Levy;

      d.   object to portions of the State's closing argument;

      e.   reasonably investigate the factual basis of the charges and offenses, or personally interview witnesses prior to trial;

      f.   call any witnesses for the defense;

2. Ineffective assistance of appellate counsel because appellate counsel did not "thoroughly read and review the trial record for 'potential appellate issues,' denying Petitioner a full and fair appellate review;"

3. That Petitioner was "denied a full and fair trial by the State's prosecution" in violation of his constitutional rights due to multiple actions by the prosecutor at trial; and

4. Ineffective assistance of appellate counsel for failure to raise prosecutorial misconduct on appeal.

On July 24, 2013, Magistrate Judge Gerrilyn G. Brill issued her R&R recommending Petitioner's habeas corpus petition be denied.

On September 25, 2013, two months after the R&R was issued, Petitioner filed a "Motion for an Appeal" [14] with the Court, which the Clerk of the Court

3

docketed as objections to the R&R.  In it, Petitioner requests appointed counsel because he has difficulty reading and understanding English.  He did not assert any objections to the findings and recommendations of the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.   Analysis

In her R&R, Magistrate Judge Brill concluded Petitioner is procedurally barred from bringing claims on Grounds 1(f) and 3, and determined that Grounds 1(a), 1(b), 1(c), 1(d), 1(e), 2, and 4 should be denied on their merits.  Petitioner did

not raise specific objections to any of the findings, conclusions, or recommendations in the R&R, and the Court reviews them for plain error. [3]

1. *Ineffective Assistance of Appellate Counsel Claims*

The court reviews for plain error the Magistrate Judge's factual findings and

---

[3] Liberally construing Petitioner's *pro se* objections, the Court finds that Petitioner did not asserted any objections to the findings and recommendations in the R&R. See Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report"); Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989) ("to challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection"); Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (in a § 2254 petition, "[p]arties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."). In his "Motion for an Appeal," Petitioner requests the appointment of counsel. The motion was filed two months after the R&R was issued, and seven weeks after objections were required to be filed. The motion, even if it was considered a valid objection, was untimely. Fed. R. Civ. P 72(b)(2) (requiring objections be filed within 14 days of service of the R&R). Even if it was not, Petitioner does not provide an adequate basis to support that his English language skills or resources were insufficient for him to meet his deadline for filing objections. The appointment of counsel in civil cases is "a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues . . . so novel or complex as to require the assistance of a trained practitioner." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993) (internal quotations omitted); see also Finfrock v. Crist, 210-CV-150-FTM-36DNF, 2010 WL 3220305, *2 (M.D. Fla. Aug. 13, 2010) (applying Kilgo's appointment of counsel principles to a request in a § 2254 habeas petition). Here, the appointment of counsel is not required.

recommendations that Grounds 1(a), 1(b), 1(c), 1(d), 1(e), 2 and 4 be denied. Petitioner's ineffective assistance of counsel claims are governed by the standards set forth by the Supreme Court in <u>Strickland v. Washington</u>.  <u>See</u> <u>Smith v. Robbins</u>, 528 U.S. 259. 285, 287-88 (2000) (holding that the <u>Strickland</u> standards apply to ineffective assistance of appellate counsel claims).  Under <u>Strickland</u>, a petitioner must show both that counsel's performance was deficient, and that the deficiency prejudiced the petitioner.  <u>See</u> <u>Wiggins v. Smith</u>, 539 U.S. 510, 521 (2003).  Since both prongs to the two-part <u>Strickland</u> test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." <u>Ward v. Hall</u>, 592 F.3d 1144, 1163 (11th Cir. 2010) (citation omitted).

        a.     <u>Ground 1(a)</u>

Petitioner argues that appellate counsel was ineffective when he did not raise on appeal an ineffective assistance of trial counsel claim for failure to obtain an interpreter prior to trial.  The state habeas corpus court considered this claim and found that appellate counsel investigated this issue and determined that it lacked merit.  The Magistrate Judge concluded that Petitioner did not present any evidence to show how appellate counsel performed deficiently or that he was prejudiced by appellate counsel's failure to raise this claim on appeal.  The Court

6

does not find plain error in these factual findings or recommendations.  See Wiggins, 539 U.S. at 521 (2003) (holding that to establish deficiency, a petitioner must show that "counsel's representation 'fell below an objective standard of reasonableness'"); Strickland, 466 U.S. at 694 (to establish prejudice, a petitioner must prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (holding that appellate counsel is not ineffective for failing to raise a frivolous argument on appeal).  Petitioner is not entitled to relief based on his claim in Ground 1(a).

        b.     Ground 1(b)

Petitioner argues that appellate counsel was ineffective when he did not raise on appeal an ineffective assistance of trial counsel claim for failure to obtain the assistance of a child psychologist to independently interview the alleged victim.  The state habeas corpus court considered this claim and determined that Petitioner did not present evidence to support this claim or to show a reasonable probability that the outcome of the appeal would have been different had the issue been raised.  The Magistrate Judge concluded that Petitioner did not raise any argument in his petition or brief to show that the state court's adjudication was an unreasonable application of the Strickland standard.  The Court does not find plain error in these

factual findings or recommendations.  See 28 U.S.C. § 2254 (providing that Habeas corpus relief may not be granted unless the state court adjudication was based upon an unreasonable application of clearly established federal law); see also Strickland, 466 U.S. at 694 (holding that to establish prejudice, a petitioner must prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").  Petitioner is not entitled to relief based on his claim in Ground 1(b).

          c.       Ground 1(c)

Petitioner argues that appellate counsel was ineffective when he did not raise on appeal an ineffective assistance of trial counsel claim for failure to object to the bolstered testimony of the State's witness.  The state habeas corpus court considered this claim and concluded that appellate counsel had raised the issue at the motion for new trial, but did not do so on appeal.  Trial counsel did object during the trial, but did not request a curative instruction or move for a mistrial.  Appellate counsel determined that the issue was frivolous and elected not to include it on appeal.  The state habeas court did not grant relief on this ground because Petitioner did not show deficient performance or prejudice flowing from appellate counsel's "failure to raise this issue on appeal."

The Magistrate Judge concluded that the state habeas court did not

unreasonably apply Strickland or that it unreasonably determined the facts in light of the evidence presented. The Magistrate Judge found that Petitioner did not show any reasonable probability that a curative instruction would have affected the jury's decision, or that a motion for a mistrial would have been granted if pursued. The Magistrate Judge concluded that appellate counsel's decision not to raise this claim on appeal was not patently unreasonable.

The Court does not find plain error in these factual findings or recommendations. See Dorsey v. Chapman, 262 F.3d 1181, 1186 (11th Cir. 2001) ("While expert testimony bolstering the credibility of a witness is improper, see Snowden v. Singletary, 135 F.3d 732, 737 (11th Cir. 1998), [the petitioner] has failed to show a reasonable probability exists that but for his trial counsel's error, the result of the proceeding would have been different."); Kelly v. United States, 820 F.2d 1173, 1176 (11th Cir. 1987) (holding that strategic decisions of counsel are only constitutionally ineffective assistance if so patently unreasonable that no competent attorney would have chosen them). Petitioner is not entitled to relief based on his claim in Ground 1(c).

### d. Ground 1(d)

Petitioner argues that appellate counsel was ineffective because he did not raise on appeal an ineffective assistance of trial counsel claim for failure to object

9

to portions of the State's closing argument. The state habeas corpus court considered this claim and determined that appellate counsel reviewed and considered the issues and correctly determined that trial counsel's failure to object was not ineffective.

The specific comments Petitioner contends that trial counsel was ineffective for failing to object, include:

1. The prosecutor commenting on the mental state of H.T.'s mother, referring to her as "a little slow;"

2. The prosecutor commenting on H.T. being traumatized, stating that "when people go through experiences like this, your common sense will tell you that they suffer so much stress they could have post traumatic stress syndrome. They could disassociate themselves from reality during the course of these events;"

3. The prosecutor stating that "in 95% of [child molestation] cases, you never have any medical evidence;" and

4. The prosecutor commenting on the unprofessional representation of trial counsel in cross-examining H.T.

The Magistrate Judge concluded that the statements by the prosecutor referring to H.T.'s mother as "a little slow," describing H.T. as "traumatized," and describing trial counsel's cross-examination of H.T. were inferences based on the evidence, and that they did not go beyond the evidence and did not render the trial unfair.

The prosecutor's statement that there is no medical evidence in 95% of child molestation cases was not based on evidence introduced at trial and was therefore

10

improper. The trial court, however, clearly and correctly instructed the jury that statements made in opening and closing arguments were not evidence, and that the case must be decided only upon evidence presented at trial. The Magistrate Judge determined that the comments, taken in the context of the entire trial, did not render the entire trial fundamentally unfair or infect the trial with such unfairness that the resulting conviction amounted to a denial of due process. The Court does not find plain error in these factual findings or conclusions. See Unites States v. Young, 470 U.S. 1, 11 (1985) ("[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by doing so can it be determined whether the prosecutor's conduct affected the fairness of the trial."). Petitioner is not entitled to relief based on his claim in Ground 1(d).

e.     Ground 1(e)

Petitioner argues that appellate counsel was ineffective when he did not raise on appeal an ineffective assistance of trial counsel claim based on a failure to reasonably investigate the factual basis of the charged offenses or to personally interview witnesses prior to trial. The state habeas corpus court considered this claim and found that Petitioner did not present any evidence that trial counsel failed to investigate and that the evidence supported a finding that trial counsel

11

conducted an adequate investigation.

The Magistrate Judge concluded that Petitioner had not shown that the state habeas court's decision finding that trial counsel was not deficient was contrary to or an unreasonable application of Strickland. The Magistrate Judge also determined that Petitioner did not show any instances where trial counsel failed to investigate or interview witnesses. The Court does not find plain error in these factual findings or conclusions. See Strickland, 466 U.S. at 687 ("An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense."). Petitioner is not entitled to relief based on his claim in Ground 1(e).

        f.      Ground 2

Petitioner argues that appellate counsel was ineffective for failing to "thoroughly read and review trial record for 'potential appellate issues,' denying Petitioner a full and fair appellate review." The state habeas corpus court considered this claim and concluded that Petitioner did not present any evidence to establish either deficient performance or prejudice. The Magistrate Judge concluded that the state court's decision was not contrary to or an unreasonable application of Strickland, and the determination of facts was not unreasonable. The Court does not find plain error in these factual findings or conclusions. See

Strickland, 466 U.S. at 687.  Petitioner is not entitled to relief based on his claim in Ground 2.

### g. Ground 4

Petitioner argues that appellate counsel was ineffective when he did not raise on appeal several instances of prosecutorial misconduct, specifically the alleged improper bolstering and comments of the prosecutor set out in subsection (d) above.  The state habeas corpus court considered this claim and concluded that appellate counsel made strategic decisions to focus on claims with the greatest potential for reversal, and that Petitioner did not provide any evidence that the outcome of his trial would have been different had appellate counsel raised any of these grounds of prosecutorial misconduct he asserts.  The Magistrate Judge concluded that the state court correctly applied the Strickland standard, and that Petitioner did not show how the state court's decision was an unreasonable application of Strickland, an unreasonable determination of the facts, or that he has suffered any prejudice from any improper comments or bolstering.  The Court does not find plain error with these factual findings or conclusions.  See Strickland, 466 U.S. at 687; Jones v. Barnes, 463 U.S. 745, 751-52 (1983) (it is up to appellate counsel's discretion to winnow out weaker arguments).  Petitioner is not entitled to relief based on his claim in Ground 4.

### 2.     *Procedurally Defaulted Claims*

The Court reviews for plain error the Magistrate Judge's factual findings and recommendation that Ground 1(f) and 3 cannot be considered on the merits because they are procedurally defaulted. The Magistrate Judge determined that Petitioner failed to raise these claims in state court and did not argue cause to excuse his procedural default. The Court does not find plain error in this conclusion. See O.C.G.A. § 9-14-51 (requiring all claims be raised in petitioner's initial state habeas proceeding); Coleman v. Thompson, 501 U.S. 722, 755 (1991) ("[C]ounsel's ineffectiveness will constitute cause [to excuse procedural default] only if it is an independent constitutional violation."). Petitioner's claims in Ground 1(f) and 3 are procedurally defaulted and cannot be considered on the merits.

### 3.     *Certificate of Appealability*

A district court "must issue or deny a certificate of appealability when it enters a final order adverse to the appellant." See R. Governing § 2254 Cases 11(a). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484

(2000).  The Court agrees with the Magistrate Judge that Petitioner failed to make a substantial showing that a constitutional right was denied.  Petitioner's certificate of appealability is denied.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [10] is **ADOPTED**.  Petitioner Liem Nguyen's habeas corpus petition is **DENIED** and this action is **DISMISSED**.  To the extent that Petitioner's Motion For an Appeal constitutes a request for appointment of counsel, it is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability, under Rule 11 of the Rules Governing Section 2254 Cases, is **DENIED**.

**SO ORDERED** this 6th day of December, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE